UNITED STATES *v.* HEINRICH HERRMANN & WEISS ET AL. (No. 4170)[1]

United States Court of Customs and Patent Appeals, December 27, 1938

*Webster J. Oliver,* Assistant Attorney General (*Marcus Higginbotham, Jr.,* special attorney, of counsel), for the United States.

*Puckhafer & Rode* (*John D. Rode* of counsel) for appellees.

[Oral argument December 6, 1938, by Mr. Oliver and Mr. John D. Rode]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of hat and clothes brushes. They were classified by the collector at the port of New York under the provisions of paragraph 1506 of the Tariff Act of 1930 and assessed with duty at 1 cent each and 50 per centum ad valorem as "other toilet brushes."

[1] C. A. D. 30.

The importers protested this classification and assessment of duty by the collector and maintained that the hat and clothes brushes were dutiable under the provisions of said paragraph 1506 as "all other brushes, not specially provided for" at 50 per centum ad valorem.

The United States Customs Court, First Division, sustained the protests of the importers and held the aforesaid merchandise to be dutiable under paragraph 1506 of the Tariff Act of 1930 as "all other brushes, not specially provided for" at 50 per centum ad valorem.

The pertinent provisions of paragraph 1506 are:

PAR. 1506. * * * other tooth brushes and other toilet brushes, 1 cent each and 50 per centum ad valorem; all other brushes, not specially provided for, 50 per centum ad valorem * * *.

In the decision below the trial court pointed out that the importers offered testimony of two witnesses that the brushes in issue were not toilet brushes while the Government submitted no evidence. The trial court said:

So far as this case is concerned, on the record the plaintiffs have made out a prima facie case which, in absence of any proof on the part of the defendant, is sufficient to entitle them to judgment sustaining their claim, but we do not think that the conclusion here reached should be accepted as controlling over a fuller record.

The decision and judgment of the trial court were made prior to the decision of this court in the case of *Sears, Roebuck & Co.* v. *United States*, 26 C. C. P. A. (Customs) 161, C. A. D. 11. In that case the issue was whether certain shoe brushes had been properly classified by the collector, as "other toilet brushes" or should have been classified as "other brushes, not specially provided for" under the provisions of the said paragraph 1506.

In that case the evidence consisted solely of a sample of the imported merchandise. The trial court held that the record was insufficient to overcome the presumption of correctness attaching to the classification of the collector.

On appeal to this court we were convinced that the term "toilet brushes" was not free from ambiguity, and in reversing the judgment, and holding that shoe brushes are not within the meaning of the term "toilet brushes" in a tariff sense, we had recourse to the legislative history of the said statute to ascertain the intent of Congress.

Here we have a similar issue and are of opinion, as we were in the *Sears, Roebuck* case, *supra*, that recourse to the legislative history is necessary and proper as an aid in construing said paragraph. *United States* v. *Great Northern Railroad Company*, 287 U. S. 144, 154; *Keith Dunham Co.* v. *United States*, 26 C. C. P. A. (Customs) 250, C. A. D. 24.

The term "toilet brushes" first appeared in the Tariff Act of 1922 and was carried into the Tariff Act of 1930. In the Summary of

Tariff Information, 1920, prepared primarily for the use of the Committee on Ways and Means of the House of Representatives by the United States Tariff Commission, we find the following at page 522:

### GENERAL INFORMATION

*Brushes* may be divided into (1) brushes for toilet purposes—hair brushes, military brushes, shaving brushes, etc.; (2) brushes for artists and painters; (3) all other, such as *clothes*, *hat*, fruit-cleaning, and machine brushes. [Italics supplied except for the first word.]

Since clothes and hat brushes were specifically differentiated from the term "toilet brushes" in the above summary, we think it is reasonable to conclude that in passing the Tariff Act of 1922, wherein the term "brushes" is subdivided in substantial harmony with the classes set forth in the summary, it was the intent of Congress that clothes and hat brushes were not to be included within the term "toilet brushes."

In the Summary of Tariff Information, 1921, prepared by the Tariff Commission for the use of the Committee on Finance of the Senate, at page 1102 is the following:

### BRUSHES

*Description and uses.*—Brushes may be divided into three classes: (1) Toilet, tooth, hair, nail, hand brushes, etc.; (2) painters' and artists' brushes; and (3) all other brushes, including feather dusters.

In this summary, as in the former summary, brushes are separated into three classes, and it will be observed that clothes and hat brushes are not within the enumeration of toilet brushes.

The Summary of Tariff Information, 1929, prepared for the Committee on Ways and Means prior to the passage of the Tariff Act of 1930 enumerates, at page 1918, various kinds of toilet brushes:

### BRUSHES

*Description and uses.*—According to uses, brushes may be classified into the following groups: (1) toothbrushes; (2) other toilet brushes, such as hair, manicure, bath, and shaving; (3) paint, varnish, and artists; (4) household and industrial for cleaning and other purposes. * * *

The aforesaid legislative history convinces us here, as it did in the *Sears, Roebuck* case, *supra,* that Congress intended clothes and hat brushes to be classified under the provisions of paragraph 1506 of the Tariff Act of 1930 as "other brushes, not specially provided for," at 50 per centum ad valorem.

Appellants in their brief contend that the classification by the collector herein is supported by the decisions of this court in *United States* v. *P. B. T. Williams,* 21 C. C. P. A. (Customs) 243, T. D. 46776, and *P. B. T. Williams* v. *United States,* 23 C. C. P. A. (Customs)

328, T. D. 48194. With this contention we cannot agree. The conclusion in the instant case is not in conflict with the *Williams* cases because there the issue under consideration was whether or not the term "toilet brushes" included only brushes used by the person himself in making his toilet or might include a brush used by a barber upon his customer. See *Sears, Roebuck & Co.* v. *United States, supra.*

For the reasons set forth herein, the judgment of the United States Customs Court is *affirmed.*